

Benjamin Rudolph Delson    delson@g-s-law.com

**VIA ECF**

Honorable Ona T. Wang, Magistrate Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

April 23, 2024

Re:  **Rahaman v. Second Avenue Catering, Inc.
No. 1:24-cv-00172-AS**

Dear Judge Wang,

We represent the Plaintiff Mizanoor Rahaman in this matter, and we submit this joint letter on behalf of all parties. The parties have reached a proposed settlement and respectfully request the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

The Plaintiff in this case, Mizanoor Rahaman, was an hourly employee at Defendant's restaurant, a Subway franchise located at 834 2nd Avenue in Manhattan. Plaintiff worked for Defendant only briefly, from September 12, 2022 until November 1, 2022. Plaintiff alleges that, during that time, Defendant: (i) failed to pay him overtime wages and tips in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); (ii) failed to provide a wage notice or accurate wage statements, and failed to pay spread of hours pay, also in violation of NYLL; and (iii) failed to pay him the premiums for schedule changes required under the New York City Fair Workweek Act ("NYCFWA"). Defendant denies any violations of FLSA, NYLL, or the NYCFWA. Defendant filed a counterclaim against Plaintiff, alleging that Plaintiff breached a fiduciary duty of loyalty and acted as a "faithless servant." Plaintiff denies the breach of any duty owed to Defendant.

The proposed settlement is attached as **Exhibit 1**. Pursuant to the settlement, Defendant will pay $25,000 to resolve this matter (of which one third will be paid to Granovsky & Sundaresh PLLC as Plaintiff's attorney's fees, pursuant to Plaintiff's engagement letter with our firm).

Pursuant to the settlement, Plaintiff Rahaman will waive his FLSA, NYLL, and NYCFWA claims against Defendant, but will not be prohibited from making truthful statements about his experiences litigating this case. Likewise, Defendant will waive its claims against Plaintiff.

We respectfully submit that the settlement is fair and reasonable given the totality of the circumstances, including the factors outlined in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

***Factors 1 and 3. The settlement is within the range of likely recoveries, and the parties face serious litigation risks if litigation proceeds:*** The parties dispute the total number of hours Mr. Rahaman worked, the total amount of the tips he earned, the total amount of compensation Mr. Rahaman actually received, and the extent to which the Defendant complied with NYCFWA's requirements that fast food employers provide advance notice of schedules and scheduling changes to their employees.

Mr. Rahaman argues that his unpaid overtime wages, spread-of-hours wages and tips total not less than $1,750 (or $3,500, with liquidated damages). He also argues that his unpaid premium wages (as required by the NYCFWA for untimely schedule changes) total as much as $3,300. Finally, Mr. Rahaman argues that he was not provided with the wage notice or accurate wage statements required under NYLL, for further penalties of $10,000. In sum, Mr. Rahaman argues that Defendant's liability for violations of the FLSA, NYLL and NYCFWA equal not less than $16,800, plus attorney's fees.

Defendant argues that Mr. Rahaman was employed by Defendant for less than two months and has minimal damages, if any.

In light of these uncertainties, the settlement, which results in $16,667 in compensation to Mr. Rahaman (as well as paying his attorney's fees in the amount of $8,333), is reasonable.

All parties face very real risks if litigation continues. In particular, both sides face risks concerning the factual disputes over the total number of hours worked by Mr. Rahaman, the total tips owing to Mr. Rahaman, and the total compensation paid by Defendant to Mr. Rahaman. (Defendant faces the risk, of course, of the certification of a class action under Rule 23 or of a collective action under the FLSA; and Mr. Rahaman faces the risk that Defendant would

be unable to pay any judgment in a class or collective action, as well as the risk that Defendant would prevail on its counterclaim.)

***Factor 2. The settlement will permit the parties to avoid the expenses of litigation:*** If this matter were not to settle, all parties would be compelled to engage in extensive discovery, including depositions of Mr. Rahaman, former members of the Subway management team, and former employees that may have worked with Mr. Rahaman. (Given the amount of elapsed time, the turnover rate, and the transitory nature of Defendant's employees, locating and interviewing necessary witnesses, if possible, would be especially expensive and time consuming.) The parties would likely expend considerable resources on motions for conditional and final certification of an FLSA collective action, as well as on motions for certification of a Rule 23 class action, as well as motions for summary judgment and trial. Settlement avoids all of those expenses for all parties.

***Factors 4 and 5. The settlement was negotiated at arm's length by experienced counsel, without risk of fraud or collusion:*** All parties have been represented by experienced employment law counsel and with decades of experience in litigation. The settlement was reached after all parties had full access to the available records (however contested those records may be). The issues in dispute have been vigorously contested—indeed, the Defendant asserted a counterclaim against Mr. Rahaman—and there is no risk of fraud or collusion.

*Wolinsky* also lists several factors that can weigh against approval, including notably the presence of other employees situated similarly to the Plaintiff. *Wolinsky,* 900 F. Supp. 2d at 336. Here, the Defendant typically only has about three or four employees at one time, and Plaintiff was employed for only about two months, so relatively few other employees would benefit from a class or collective action. (Further, in light of the counterclaims that Defendant asserts, it is unclear that Plaintiff could ultimately serve as an adequate or typical class representative.) This settlement is a substantial one for the Defendant to pay—indeed, Defendant will require five months of time to make the payment—and so the Court's approval of this settlement will itself serve as a deterrent to similar circumstances recurring in the future.

***The Attorney's Fees Are Reasonable:*** Mr. Rahaman engaged our firm to litigate this matter on a contingency-fee basis, pursuant to which our firm

3

would be reimbursed any advanced costs and would receive one-third of any net recovery. Here, we have waived our costs (which were minimal, consisting only of the S.D.N.Y. filing fee), and seek approval for fees in the amount of $8,333.

I have been the attorney with principal responsibility for this matter, and I have been assisted by my colleague David Byrnes (whose admission to S.D.N.Y. is currently pending). Attached as **Exhibit 2** are contemporaneous records of the time that Mr. Byrnes and I have spent on this matter. Through March 15, 2024 (when the parties notified the Court of the settlement), I had spent 13.6 hours on this matter, and Mr. Byrnes has spent 19.6 hours, including meeting with Mr. Rahaman, reviewing documents and performing damages analyses, drafting pleadings, and engaging in settlement talks.

My hourly rate for Granovsky & Sundaresh PLLC clients is $420 per hour, and Mr. Byrnes's rate is $300 per hour. I believe these rates are reasonable for attorneys of our experience in this district.

I have practiced law in New York since 2003, and I am now also a member of the bar in Ohio and California. Since 2017, when I joined Granovsky & Sundaresh PLLC, I have exclusively practiced employment law. Today, over 95% of my practice is representing employees in wage and hour, discrimination and retaliation litigation, in both federal and state courts, as well as in arbitration and mediation. I have served as lead counsel in several wage-and-hour collective and class-action settlements in this district and in EDNY, including notably in *Chowdhury v. Raja 786 Food Inc.*, No. 20-cv-04235 PKC JRC (EDNY), which resulted in one of the first private settlements of a class action brought under the NYCFWA.

Mr. Byrnes joined Granovsky & Sundaresh in May 2023. He has been a member of the Ohio bar since November 8, 2010, and was admitted to the bar in New York in September 2023. His admission to S.D.N.Y. is pending. Since February 2019, his practice has been exclusively focused on representing both plaintiffs and defendants in employment matters.

At $420 per hour for my time and $300 for Mr. Byrnes's time, the lodestar value of our work on this matter would be $11,592. Thus, the total attorney's fees provided by settlement, $8,333, are less than the lodestar amount. And "there is a strong presumption that the 'lodestar' amount – that is, the number of

attorney hours reasonably expended times a reasonably hourly rate – represents a reasonable fee." *Wolinsky*, 900 F. Supp. 2d at 336-37.

As counsel for the Plaintiff and the Defendant, we again respectfully submit that the settlement is fair and reasonable given the totality of the circumstances, including the factors outlined in *Wolinsky*, 900 F. Supp. 2d 332. We respectfully request the Court's approval for this settlement.

Respectfully submitted,

By: */s/ Benjamin R. Delson*       By: */s/ Arthur A. Hirschler*

Granovsky & Sundaresh PLLC      Law Office of Arthur A. Hirschler
48 Wall Street, 11th Floor      16 East 7th Road
New York, NY 10005      Broad Channel, NY 11693
(646) 524-6001      (516) 220-4193

*Attorneys for Plaintiff*      *Attorneys for Defendant*